## ROLAND *vs.* STEPHENS ET ALS.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

The District Court has no jurisdiction of a suit against minors under the age of puberty, who are not represented in the state, although a curator *ad hoc* be appointed to defend them.

Whether, when minors are removed permanently without the state, with their tutor by nature, and the succession or any part of it, to which they may be entitled, remains, it should be administered as a vacant succession. *Quere ?*

This was an attachment sued out against the minors and their natural tutor, who had departed from the state, taking with him the said minors and most of the property belonging to the succession of their mother.    The suit was founded upon a note given by the mother to the plaintiff, previous to her marriage with the defendant.    A curator *ad hoc* was appointed to defend the interest of the absentees, who excepted to the jurisdiction of the court, which exception being sustained, the plaintiff appealed.

*Cuvillier*, for appellant, made this point, viz.

Persons having any claim upon the estates of deceased persons, whose heirs are in possession of the property, must apply to the District Court of the parish in which the succession was opened, for the recovery of such claims, the said

Eastern Dist.
March, 1832.
═══════════
ROLAND
vs.
STEPHENS ET ALS.

court having exclusive jurisdiction, in such cases. *Acts of* 1828, *p.* 116, § 13.    *Code of Practice, art.* 926, *no.* 13, *arts.* 925, 983, 994—6.

Mathews, J. delivered the opinion of the court.

This suit was instituted against the defendant, in his individual capacity, and as natural tutor of his minor children. It was commenced by attachment, and afterwards a curator *ad hoc* appointed to defend the interests of the tutor and the minors, who were all absent from the state.

An exception was taken to the jurisdiction of the District Court, which was sustained, and the plaintiff appealed.

The suit is brought on a promissory note, executed by the mother of the minors, previous to her marriage with the defendant, Stephens.    She died, leaving two children, to whom their father, as surviving parent, became tutor.    Some time after, and before the institution of the present action, he left the state, taking with him his children and all the slaves and moveable property belonging to the succession of his wife, leaving in a state of abandonment a small tract of land, property either belonging to the community of acquests and gains, or to the succession of the deceased partner ; which of the two, does not appear.    In this situation of affairs, the plaintiff commenced suit, as above stated, which was adjudged to be *coram non judice.*

This case presents the question of jurisdiction between the courts of ordinary and general jurisdiction, and the Courts of Probate of the state, a question often raised, and frequently settled in particular cases ; but, from the variety of shapes which it is capable of assuming, seems to preclude all possibility of ever being completely and finally quieted.

Amongst the exclusive jurisdictional powers, granted by law to our Courts of Probate, we find authority to appoint legal representatives for minors, &c., such as tutors and curators.    They have also power to appoint curators to vacant estates, and absent heirs.    See *Code of Practice arts.* 921 and 924.    And, according to the thirteenth section of this last article cited, they have exclusive power to decide on claims

for moneys, which are brought against successions adminis-
tered by curators, &c. Article 116 of this code provides, that
if a minor, whether under or above the age of puberty, against
whom one intends to institute a suit, has no tutor or curator
ad lites, the plaintiff must demand that a curator ad hoc be
named to defend the suit. The two last articles of the para-
graph of the Code of Practice, which treats of the settlement
of successions, seem to derogate from the exclusive powers
granted to Courts of Probate, in cases where successions are
not administered by curators or testamentary executors. In
such, actions may be brought before the ordinary tribunals.
See articles 995-6. From the wording of these articles, it
might be doubted whether the rules, therein prescribed, are
applicable, to successions, other than those claimed by heirs
of full age, or such as are above the age of puberty, as the
term "tutor" is not used in either of them, in the English
text; but they are applicable only to heirs present or repre-
sented in the state.

In the present case, the presumption is, from the facts
detailed in the petition, that they are persons under the age
of puberty, and are represented by no person in the state, in
relation to their inheritance, for their father and natural tutor
is alleged to have removed them and himself permanently
out of the state. We, therefore, conclude that the District
Court acted correctly in declining jurisdiction of this cause.

. To show that the father was not ipso facto deprived of his
tutorship by leaving the state, reference is made to the 326th
article of the Louisiana Code, wherein it is stated, that no
cause of exception or removal is applicable to the father,
except that of unfaithfulness in his administration, and of
notoriously bad conduct. The article 298 provides, that if a
tutor shall die, or absent himself from the state, after his
appointment, another tutor shall be appointed in his stead,
&c. and the article 351, makes it the duty of a tutor, who is
about to absent himself from the state, to cause another tutor
to be appointed in his stead. These rules we think applicable
to all tutors of every description known to our laws. But
they have reference to cases where the minors remain with

*The District Court has no ju-. risdiction of a suit against mi- nors under the age of puberty, who are not re- presented in the state, although a curator ad hoc be appointed to de- fend them.*

*Whether, when minors are re- moved perma- nently without the state with their tutor by nature, and the succession or any part of it, to which they may be entitled, re- mains, it should be administered as a vacant suc- cession—Quere?*

their inheritances in the state. When they are permanently removed, and placed out of its jurisdiction, with their tutor by nature, and the succession or any part of it, to which they may be entitled, remains, perhaps it should be administered as a vacant succession, according to the *article* 1092 *of the Louisiana Code.* Be this as it may, we are clearly of opinion that the court below was without jurisdiction in the present case ; and this, notwithstanding the article 295 of the Louisiana Code, which provides for the appointment of a tutor *ad hoc.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.